**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>TIMOTHY J. SULLIVAN<br>UNITED STATES MAGISTRATE JUDGE | 6500 Cherrywood Lane<br>Greenbelt, Maryland 20770<br>Telephone: (301) 344-3593 |

December 15, 2022

LETTER TO COUNSEL:

      RE:    *Estelle G. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
               Civil No. TJS-22-0406

Dear Counsel:

      On February 17, 2022, Plaintiff Estelle G. petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 12 & 14. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

      Estelle G. filed her application for DIB on December 14, 2015. Tr. 12. She alleged a disability onset date of July 31, 2014. *Id.* Her application was denied initially and upon reconsideration. *Id.* At her request, a hearing was held before an Administrative Law Judge ("ALJ") on January 25, 2018. Tr. 33-97. Thereafter, the ALJ found that Estelle G. was not disabled under the Social Security Act. Tr. 12-24. After her request for review was denied by the Appeals Council, Estelle G. appealed to this Court and her case was remanded because the ALJ's decision did not comply with *Mascio v. Colvin*, 780 F.3d at 640. *See* Case No. DLB-19-1537, ECF No. 20. On remand, the ALJ conducted another administrative hearing. Tr. 801-51. In a written decision dated December 15, 2021, the ALJ again concluded that Estelle G. was not disabled under the Social Security Act. Tr. 774-93. After the Appeals Council denied Estelle G.'s request for review, she again appealed to this Court.

      The ALJ evaluated Estelle G.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Estelle G. had not engaged in substantial gainful activity between the alleged onset date of July 31, 2014, and her date last insured of December 31, 2018. Tr. 777. At step two, the ALJ found that Estelle G. suffered from the following severe impairments: depressive disorder, anxiety disorder, and post-traumatic

---

[1] This case was previously assigned to other judges. It was reassigned to me on October 31, 2022.

stress disorder. *Id.* At step three, the ALJ found Estelle G.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 778. The ALJ determined that Estelle G. retains the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: The individual can never climb ladders, ropes and scaffolds; never balance on uneven, narrow or slippery surfaces and no exposure to hazards, such as unprotected heights or dangerous machinery. The individual is limited to attending and concentrating for extended periods with simple and routine tasks at work that is not production rate pace (meaning no strict production requirements or rapid assembly line work where coworkers are side-by-side and the work of one affects . . . the work of others). The individual can occasionally interact with the general public, coworkers and supervisors; make simple, work-related decision, and can have few changes in the routine work setting.

Tr. 783.

At step four, the ALJ determined that Estelle G. cannot perform past relevant work. Tr. 791. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Estelle G. can perform, including industrial cleaner, hand packager, and warehouse worker. Tr. 792. Accordingly, the ALJ found that Estelle G. was not disabled under the Social Security Act. Tr. 793.

Estelle G. presents a single argument in this appeal: the ALJ erred by relying on the testimony of the VE without resolving an apparent conflict between the VE's testimony and the Dictionary of Occupational Titles, as required by *Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015). ECF No. 12-1 at 4-9. After a careful review of the ALJ's opinion and the evidence in the record, I agree with Estelle G.'s argument, and I will remand the case for further proceedings under *Pearson*.

In *Pearson*, the Fourth Circuit explained that an ALJ presiding over a Social Security disability application will rely "primarily" on the Dictionary of Occupational Titles. 810 F.3d at 207. If an ALJ also relies on testimony from a VE, the ALJ must inquire whether the VE's testimony conflicts with the Dictionary of Occupational Titles, elicit a reasonable explanation from the VE on any conflict, and resolve any apparent conflicts between the VE's testimony and the Dictionary of Occupational Titles. *Id.* at 207-08. An expert's testimony that apparently conflicts with the Dictionary of Occupational Titles "can only provide substantial evidence if the ALJ has received [an] explanation from the expert and determined that the explanation is reasonable and provides a basis for relying on the testimony rather than the Dictionary." *Id.* at 209-10. In *Pearson*, the ALJ found that the claimant could only reach upward with his nondominant arm occasionally. *Id.* at 210. Relying on testimony from a VE, the ALJ also found that the claimant could perform three occupations that the Dictionary of Occupational Titles defined to include "*frequent* reaching as a requirement." *Id.* Noting the apparent conflict between the VE's testimony (which only required the claimant to reach upward with his non-dominant arm occasionally) and the Dictionary

of Occupational Titles (which defined the jobs to include frequent reaching), the Fourth Circuit remanded the case because the ALJ failed to elicit an explanation from the VE as to this apparent conflict and because the ALJ failed to resolve whether such explanation was reasonable.

In this case, the ALJ found that Estelle G. cannot perform work that requires climbing ladders, ropes, or scaffolds, or that requires balancing on uneven, narrow, or slippery surfaces. Tr. 783. In response to questions about what jobs an individual with Estelle G.'s RFC could perform, the VE identified three occupations: industrial cleaner, hand packager, and warehouse worker. Tr. 792. The ALJ asked the VE whether his testimony was "based on anything other than the DOT [(Dictionary of Occupational Titles)] and the SCO" (aside from the VE's opinions about time off task and absenteeism). Tr. 846. The VE confirmed that his testimony was not based on anything else. *Id.* In her opinion, the ALJ stated that "[p]ursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." Tr. 792.

Estelle G. argues that the VE's testimony was, in fact, inconsistent with the Dictionary of Occupational Titles. She notes that the Dictionary of Occupational Titles states that the industrial cleaner and hand packager jobs both require occasional balancing, which is defined as "[m]aintaining body equilibrium to prevent falling when walking, standing, crouching, or running on narrow, slippery, or erratically moving surfaces. Maintaining body equilibrium when performing gymnastic feats." ECF No. 12-1 at 12-13 (citing DOT §§ 381.687-018, 920.587-018 and *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles app. C* (1993 ed.)). As for the industrial cleaner and warehouse worker jobs, Estelle G. notes that under the Dictionary of Occupational Titles, both jobs require occasional climbing, which is defined as "[a]scending or descending ladders, stairs, scaffolding, ramps, poles, and the like, using feet, and legs or hands and arms. Body agility is important." *Id.* (citing DOT §§ 381.687-018, 922.687-058). The Acting Commissioner does not dispute that the Dictionary of Occupational Titles descriptions of these positions require balancing, climbing, or both. ECF No. 14-1 at 7 ("[T]he jobs identified arguably require activities the ALJ precluded in the RFC assessment.")

There is an apparent conflict between the jobs that the VE identified and the Dictionary of Occupational Titles. The ALJ did not ask the VE to resolve this apparent conflict. Instead, the ALJ asked the VE whether the VE had based his testimony "on anything other than the DOT and the SCO." Tr. 846. And although the ALJ explained in her decision that the VE's testimony was consistent with the Dictionary of Occupational Titles, the ALJ did not explain the basis for this finding or cite any evidence to support it. Because the VE's testimony apparently conflicted with the Dictionary of Occupational Titles, the ALJ was required to identify and resolve the apparent conflict. Her failure to do so leaves an unresolved conflict, which is prohibited by *Pearson*, 810 F.3d 204.

This Court's function is to review the ALJ's decision to determine whether it is supported by substantial evidence and whether the ALJ employed the proper legal standards. Because the ALJ did not resolve the apparent conflict between the VE's testimony and the Dictionary of Occupational Titles, the Court cannot find that the ALJ's decision (which relies on the VE's testimony) is supported by substantial evidence. This case must be remanded. The Court rejects the Acting Commissioner's argument that any error is harmless and that the claimant has somehow

forfeited the argument by failing to probe the apparent conflict at the administrative hearing. The Court expresses no opinion on the ultimate issue of Estelle G.'s disability.

      For these reasons, both parties' motions for summary judgment (ECF Nos. 12 & 14) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g). the Acting Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

                                                        Sincerely yours,

                                                        /s/
                                                  Timothy J. Sullivan
                                                United States Magistrate Judge